UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| TUCKER McCORMACK and DANIEL HOLLINGSWORTH, individually and on behalf of others similarly situated | * * * * | CIVIL ACTION NO.:_____ |
| VERSUS | * * | MAGISTRATE: |
| GAGLIANO'S LIQUOR, INC. d/b/a THE BOTTLE SHOPPE and MICHAEL L. HUDSON | * * * | JUDGE: |

*************************************************************************

# COMPLAINT – COLLECTIVE AND CLASS ACTION

Plaintiffs Tucker McCormack and Daniel Hollingsworth, individually and on behalf of all other similarly situated current and former employees of Defendants, brings this collective and class action against Defendants, Gagliano's Liquor, Inc. d/b/a The Bottle Shoppe and Michael L. Hudson, and allege as follows:

### I.   OVERVIEW

1. Plaintiffs bring claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* to recover unpaid overtime compensation under §16(b) of the FLSA. They bring these claims as a collective action on behalf of themselves and all current and former hourly workers employed by Defendants during the last three (3) years who were not paid overtime for all hours worked in excess of forty (40) hours a workweek as required by § 207(a) of the FLSA (hereinafter referred to as "Collective Members").

2. Plaintiff also brings this cause of action to recover unpaid straight time compensation under Tennessee common law. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 for the state law claims because they arise out of the same nucleus of operative facts as the FLSA claims.

## II. PARTIES

3. Plaintiff, Tucker McCormack, is a major individual, domiciled in the County of Shelby, State of Tennessee, who was employed by Defendants from approximately July, 2021 to October, 2021 as a delivery driver. Plaintiff McCormack's hours varied from week to week but he regularly worked more than forty (40) hours a workweek.

4. Plaintiff, Daniel Hollingsworth, is a major individual, domiciled in the County of Shelby, State of Tennessee, and was employed by Defendants from approximately February, 2021 to November 12, 2021 as a delivery driver. Plaintiff Hollingsworth's hours varied from week to week but he regularly worked more than forty (40) hours a workweek.

5. Plaintiffs have consented to filing and participating in this action. (Exhibits "A" and "B").

6. Defendants, Gagliano's Liquor, Inc. d/b/a The Bottle Shoppe (hereinafter referred to as "Gagliano") is a domestic limited liability company with its principal place of business located at 3933 Park Avenue, Memphis, Tennessee 38111, and may be served through its registered agent, Michael L. Hudson, at the same address.

7. Defendant Gagliano employed Plaintiffs and participated directly in employment decisions regarding the Plaintiffs' rights for which they seek redress in this case.

8. Defendant Gagliano does business as "The Bottle Shoppe" which is a retail liquor store that offers in store and on-line sales via an app or website and also offers a delivery service.

9. Defendant Michael L. Hudson (hereinafter referred to as "Hudson") is a major individual, located at 3933 Park Avenue, Memphis, Tennessee 38111.

10. Defendant Hudson employed Plaintiffs and participated directly in employment decisions regarding the Plaintiffs' rights for which they seek redress in this case.

### III. JURISDICTION AND VENUE

11. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 as Plaintiffs assert claims under the FLSA, 29 U.S.C. §201, et seq. to recovery unpaid overtime under §216(b).

12. Venue is proper in this District as Defendants conducted business in the Western District of Tennessee and a substantial part of the events giving rise to the claims sued upon occurred in this District.

13. Furthermore, Defendants reside in this District.

### IV. COVERAGE UNDER THE FLSA

14. At all times hereinafter mentioned, Defendants are and have been an employer within the meaning of 29 U.S.C. § 203(d).

15. At all times hereinafter mentioned, Defendants are and have been an enterprise within the meaning of 29 U.S.C. § 203(r).

16. At all pertinent times, Defendants have been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1).

17. Defendants have had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

18. At all times hereinafter mentioned, Plaintiff, and all those similarly situated, were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

19. Plaintiffs and the Collective and Class Members used phones, computers and equipment that was manufactured in and/or shipped from other states and/or countries in performing their job duties. Further, Defendants utilized the internet, computers and cell phones and accepted checks, credit cards, and electronic payments and processed other transactions from

customers through interstate banks and financial institutions, all of which constituted interstate commerce.

## V. FACTS

20. Plaintiffs and the Collective and Class Members are hourly employees who were employed by Defendants as delivery drivers who used their personal vehicles to deliver Defendants' products and/or as in store employees.

21. Plaintiffs' hours varied from week to week during their employment with Defendants, but they regularly worked more than forty (40) hours in a workweek.

22. Plaintiffs were regularly scheduled to work ten (10) hours per day, six days per week for a total of sixty (60) hours. Plaintiffs often worked longer hours per day and in excess of sixty (60) hours per week.

23. The Collective and Class Members were also regularly scheduled to and did work more than forty (40) hours in a workweek.

24. Defendants also maintained a policy and practice of requiring Plaintiffs and the Collective and Class Members to punch out on their time cards when there was no order for delivery and to punch back in after an order was ready for delivery. However, Plaintiffs and the Collective and Class Members were required to remain on Defendants' premises so they could immediately clock back in and leave for a delivery. Defendants failed to pay either straight or overtime for all such off the clock time.

25. Defendants failed to pay an overtime premium for all hours worked over forty (40) in a workweek. Instead, Defendants paid Plaintiffs and the Collective and Class Members straight time for all hours worked up to and including sixty-five (65) hours in a workweek and only paid an overtime premium on hours over sixty-five (65) in a workweek.

26. Neither Plaintiffs nor the Collective or Class Members were compensated in accordance with the FLSA because they were not paid overtime wages for all hours worked in excess of forty (40) hours in a workweek for all weeks worked.

27. Plaintiffs are aware of other current and former employees of Defendants who were subject to the same payroll practice.

28. Defendants have violated, and are violating, the provisions of Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying its workers, like Plaintiffs and the Collective Members, overtime for all hours over forty (40) in a workweek.

29. Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiffs and the Collective Members overtime compensation and of failing to pay straight time for off the clock work to Plaintiffs and the Class Members for all hours worked over forty (40) in the past three (3) years.

## VI.   COLLECTIVE ACTION ALLEGATIONS

30. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

31. The Collective of similarly situated employees sought to be certified under 29 U.S.C. § 216(b) as a collective action is defined as:

> All current and former hourly workers employed by Gagliano's Liquor, Inc. and/or Michael L. Hudson, who worked over forty (40) in a workweek within the last three (3) years. (Collective Members)

32. Defendants' practice and policy of not paying overtime premiums affects Plaintiffs and the Collective Members and is a willful violation of the FLSA.

33. The Collective Members are victims of Defendants' unlawful compensation practices and are similarly situated to Plaintiffs in terms of job duties, pay, and employment practices.

34. Defendants' failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiffs and the Collective Members are similarly situated employees.

35. The specific job titles or precise job requirements of the Collective Members does not prevent collective treatment.  All employees, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek at the overtime rate. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

### VII.   VIOLATION OF THE FAIR LABOR STANDARDS ACT FOR FAILURE TO PAY OVERTIME COMPENSATION
**(Overtime Collective)**

36. Plaintiffs re-allege and incorporate by reference all allegations in all proceeding paragraphs.

37. Pursuant to the FLSA, 29 U.S.C. §207, employers are generally required to pay overtime compensation at an hourly rate of 150% of an employee's regular rate of pay for hours worked over forty (40) in a workweek.

38. Plaintiffs and the Collective Members are not exempt from the overtime requirements of the FLSA.

39. Plaintiffs and the Collective Members were not compensated in accordance with the FLSA because they were not paid overtime wages for all hours worked over forty (40) hours in a workweek for all weeks.

40. Plaintiffs and the Collective Members are entitled to unpaid overtime, liquidated damages, attorney fees and costs under the FLSA.

41. Defendants paid Plaintiffs and the Collective Members by check but failed to provide a paystub or other recording of Plaintiffs and the Collective Members hours worked. Defendants breached their obligation to make, keep and preserve records of its employees' wages, hours, and other conditions and practices of employment, thus violating 29 U.S.C. §211(c).

42. Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay overtime compensation for all hours worked over forty (40) in a workweek, including the inclusion of travel time.

### VIII. CLASS ALLEGATIONS FOR VIOLATION OF TENNESSEE COMMON LAW FOR FAILURE TO PAY WAGES FOR TRAVEL TIME

43. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

44. The class of similarly situated employees sought to be certified under Rule 23 for Defendant's nonpayment of wages in violation of Tennessee common law (the "State Law Class") is defined as:

> All current and former hourly workers employed by Gagliano's Liquor, Inc. and/or Michael L. Hudson, within the last six (6) years and who were not paid for all time waiting for a delivery assignment while clocked out.

45. Defendants failed to pay earned wages in violation of Tennessee common law.

46. Specifically, Defendants' failure to pay Plaintiffs and the State Law Class wages for the work time waiting for an assignment while clocked out is in violation of an express and/or implied-in-fact contract between employer and employee that employees would be paid hourly wages for all work performed.

47. Defendants' acceptance of the benefit of the work of Plaintiffs and the State Law Class, while Defendants failed to pay any wages for work time clocked out waiting for a delivery assignment; it would be unjust to not require Defendants to compensate Plaintiffs and the other members of the proposed Rule 23 class for their work.

48. Plaintiff, individually and on behalf of the State Law Class, seek the payment of wages for all hours worked, but for which Defendants did not pay wages, including the time spent clocked out waiting for a delivery assignment.

49. Defendants' failure to pay for all hours worked caused Plaintiffs and the State Law Class to suffer loss of wages and interest thereon.

50. Plaintiffs and the State Law Class are entitled to all unpaid wages and prejudgment interest for Defendants' violation of Tennessee common law.

51. Defendants' practice and policy of not paying wages for time spent clocked out waiting for a delivery assignment, including associated overtime, affects Plaintiffs and the State Law Class.

52. The State Law Class members are victims of Defendants' unlawful compensation practices and are similarly situated to Plaintiffs in terms of job duties, pay and employment practices.

53. Defendants' failure to pay travel time results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiffs and the State Law Class Members are similarly situated employees.

54. The specific job titles or precise job requirements of the State Law Class members do not prevent class treatment. All employees, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked. Although the issue of

damages may be individual in character, there is no detraction from the common nucleus of liability facts.

55. Plaintiffs share the same interests as the State Law Class members and they will be entitled to off the clock wages and pre-judgment interest owed to them under nearly identical factual and legal standards as the State Law Class members.

56. Plaintiffs' state law claims satisfy the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of a class action under Fed. R. Civ. P. 23.

57. The State Law Class members meet the numerosity requirement of Rule 23(a)(1) because Defendants have employed numerous similar workers in the state of Tennessee who were required to clock out and wait for a delivery assignment before clocking back in without compensation. The precise number of State Law Class members should be readily available from a review of Defendants' personnel, scheduling, time, payroll, and billing records.

58. The State Law Class members meet the commonality requirement of Rule 23(a)(2) because Defendants engaged in a common course of conduct that violated the legal rights of Plaintiffs and the State Law Class members. Any individual questions that Plaintiffs' claims present will be far less central to this litigation than the numerous material questions of law and fact common to the State Law Class members, including, but not limited to:

    a. Whether Defendants maintained common policies or practices that denied Plaintiffs and the State Law Class members wages for time spent clocked out and waiting for a delivery assignment;

    b. Whether Defendants violated Tennessee common law by not paying Plaintiffs and the State Law Class members wages for time spent clocked out and waiting for a delivery assignment;

    c. Whether Defendants should be required to pay compensatory damages and prejudgment for violating Tennessee law.

59. The State Law Class meets the typicality requirement of Rule 23(a)(3) because Plaintiffs and the State Law Class members were all employed by Defendants and performed their job duties without receiving entitled compensation owed for that work.

60. The State Law Class meets the fair and adequate protection requirement of Rule 23(a)(4) because there is no apparent conflict of interest between Plaintiffs and the State Law Class members, and because Plaintiffs' attorneys have successfully prosecuted many complex class actions, including wage and hour and collective actions, and will adequately represent the interest of Plaintiffs and the State Law Class members.

61. The State Law Class meets the predominance requirement of Rule 23(b)(3) because issues common to the State Law Class predominate over any questions affecting only individual members, including, but not limited to, whether Defendants refused to pay the State Law Class members' compensation in the same way.

62. The State Law Class meets the superiority requirement of Rule 23(b)(3) because allowing the parties to resolve this controversy through a class action would permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender.

63. Given the material similarity of the State Law Class members' claims, even if each State Law Class member could afford to litigate a separate claim, this Court should not countenance or require the filings of numerous identical actions. Individual litigation of the legal and factual issues raised by Defendants' conduct would cause unavoidable delay, a significant duplication of efforts and a waste of judicial resources. Alternatively, proceeding by way of a class action would permit the efficient supervision of the Class's claims, create significant economies of scale for the Court and parties, and result in a binding, uniform adjudication on all issues.

64. Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiffs and the State Law Class members for all time spent clocked out waiting for a delivery assignment.

### IX. JOINT EMPLOYER ALLEGATIONS

65. At all times pertinent hereto, specifically including the Collective and Class periods, Defendant Hudson was an owner, manager and/or executive officer of Gagliano's.

66. Defendant Hudson exercised supervisory and managerial responsibilities and substantial control over the terms and conditions of Plaintiffs' and the Collective and State Law Class members' work including, but not limited to, assigning work and hiring and firing employees.

67. Defendant Hudson is or was solely and jointly responsible for the administration of the business affairs of Gagliano's and exercised complete control over the work situation and conditions of its employees.

68. Defendant Hudson is or was responsible for the payroll practices of Gagliano's including, but not limited to, the payroll practices complained of herein.

69. Defendant Hudson is or was vested with authority to, and actually acted directly or indirectly for, and exercised operational control over Gagliano's business activities including managerial responsibilities for all aspects of operations and its employees. Defendant Hudson has been actively involved in managing the operations of Gagliano's.

70. During the relevant collective period, Defendant Hudson had control over Gagliano's pay policies and the unlawful policies and practices alleged herein.

71. Defendant Hudson had authority over personnel and payroll decisions at Gagliano's.

72. Defendant Hudson had the authority to stop any illegal pay practices that harmed Plaintiffs and similarly situated employees.

73. Defendant Hudson had the authority to enter into contracts on behalf of Gagliano's.

74. Accordingly, Defendant Hudson is an "employer" under the FLSA and under Tennessee state law and, as such, is jointly and severally liable with Gagliano's for damages for his failure to comply with the FLSA and Tennessee state law, including all damages claimed herein.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiffs, individually and on behalf of all others similarly situated, pray for judgment in their favor and against Defendants as follows:

1. For an Order recognizing this proceeding as a collective action under § 216(b) of the FLSA and ordering notice to the Collective Members at the earliest opportunity to ensure Collective Members' claims are not lost to the FLSA statute of limitations;

2. For Judgment finding Defendants liable as joint employers for unpaid overtime and liquidated damages due to Plaintiffs and the Collective Members;

3. For an award of costs of this action as provided under the FLSA;

4. For an award of attorneys' fees as provided under the FLSA;

5. For damages for self-employment and other employer owed taxes paid by Plaintiffs and the Collective Members on income earned by not treated as wages;

5. For an award of pre- and post-judgment interest; and

6. For any and all other and further relief as may be necessary and appropriate.

WHEREFORE, Plaintiffs, individually, and on behalf of all others similarly situated, further prays for judgment in their favor and against Defendants as follows:

1. For an Order certifying this action as a class action Rule 23 and designating Plaintiffs as a representative and undersigned as class counsel on behalf of all those similarly situated;

2. For an Order finding Defendant liable for unpaid travel time wages due to Plaintiff and the Travel Time Class members;

3. For an award of pre- and post-judgment interest; and

4. For any and all other and further relief as may be necessary and appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Respectfully Submitted:

By: /s/ Philip Bohrer
Philip Bohrer
phil@bohrerbrady.com
Scott E. Brady
scott@bohrerbrady.com
BOHRER BRADY, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana  70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000

*Attorneys for Plaintiffs*